**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Donald Richard Perry, ) | CV-04-2577-PHX-JAT |
| Plaintiff, ) | |
| v. ) | **ORDER** |
| Joseph M. Arpaio, ) | |
| Defendant. ) | |

Pending before the Court is Plaintiff's Motion for Order to Appoint Trial Counsel (Doc. # 33).

Plaintiff, a former county jail inmate, filed a civil rights action against Defendant alleging that severe overcrowding (Count I) and the lack of sufficient outdoor recreation at the jail (Count IX) violated his constitutional rights, specifically the Eighth and Fourteenth Amendments.[1] By Order dated October 13, 2006, the Court dismissed Plaintiff's claims for punitive damages and injunctive relief. Plaintiff's claims for compensatory or nominal damages premised on alleged violations of the Eighth and Fourteenth Amendments were not dismissed and remain pending.

On October 30, 2006, Plaintiff filed a Motion for Order to Appoint Trial Counsel (Doc. # 30). Plaintiff requests the appointment of counsel "[d]ue to the fact that he is a

---

[1] Upon screening of the First Amended Complaint, the Court dismissed 16 defendants and Counts II-VIII and X.

1 layman at law and unfamiliar with matters of jurisprudence relating to civil trials" such that
2 "it may be a burden to the court when conducting the anticipated trial."  Plaintiff further
3 represents that he "will take the stand and cannot question himself.  Such an inability will
4 render a degree of unfairness toward Plaintiff which the Defendant will not be subjected to."
5 Finally, Plaintiff represents that he "has attempted to obtain civil trial counsel but cannot
6 meet the required retainer fee due to financial inability" and that he "has been unable to find
7 an attorney who will take the case on a contingency on the outcome of the trial."

8 There is no constitutional right to appointment of counsel in a civil case.  *Ivey v. Bd.*
9 *of Regents of Univ. of Alaska*, 673 F.2d 266, 269 (9th Cir. 1982).  The Court, however, does
10 have the discretion to allow litigants to proceed *in forma pauperis* and to appoint counsel in
11 "exceptional circumstances."  *See* 28 U.S.C. § 1915; *Wilborn v. Escalderon*, 789 F.2d 1328,
12 1331 (9th Cir. 1986); *Aldabe v. Aldabe*, 616 F.2d 1089 (9th Cir. 1980).  In order to determine
13 whether exceptional circumstances exist, the Court evaluates the petitioner's "'likelihood of
14 success on the merits [and] the ability of the petitioner to articulate his or her claim *pro se*
15 in light of the complexity of the legal issues involved.'"  *Richard v. Harper*, 864 F.2d 85, 87
16 (9th Cir. 1988) (quoting *Weygant v. Look*, 718 F.2d 952, 954 (9th Cir. 1983)); *see also*
17 *Wilborn*, 789 F.2d at 1331.  Neither factor is determinative, and the Court must consider both
18 factors before reaching a decision on a request for appointment of counsel.  *See Wilborn*, 789
19 F.2d at 1331.

20 Having considered both factors, the Court finds that Plaintiff has not demonstrated
21 both a likelihood of success on the merits and that any difficulty he is experiencing in
22 attempting to litigate his case is due to the complexity of the issues involved.  More
23 particularly, the Court notes that the only remaining claims in this case are Plaintiff's claims
24 for compensatory or nominal damages for the alleged violations of the Eighth and Fourteenth
25 Amendments based on allegations of severe overcrowding and lack of sufficient outdoor
26 recreation at the jail.  Only one defendant remains and the remaining claims against him are
27 not complex.  Being "unfamiliar with matters of jurisprudence relating to civil trials" is not
28

1 indicative of the complexities of the issues involved.

2 Finally, Plaintiff's concerns regarding the inability to question himself on the witness 3 stand are unfounded. Questioning oneself on the witness stand is not a novel concept. At 4 the appropriate time, the Court will discuss with Plaintiff the options available for him to 5 present his testimony. Accordingly, at the present time, this case does not present 6 "exceptional circumstances" justifying the appointment of counsel.

7 However, Plaintiff may contact the following organization to determine whether it 8 has an attorney available to represent Plaintiff *pro bono* or at a reduced rate:

Volunteer Lawyers Program<br>
305 South Second Avenue<br>
P.O. Box 21538<br>
Phoenix, Arizona 85036-1538<br>
(602) 258-3434

12 For the foregoing reasons,

13 **IT IS ORDERED** that Plaintiff's Motion for Order to Appoint Trial Counsel (Doc. 14 # 33) is **DENIED**.

15 DATED this 7th day of November, 2006.

James A. Teilborg
United States District Judge

- 3 -